## In re UNITED STATES METAL GOODS CO.

(District Court, N. D. Ohio, E. D. December 18, 1924.)

No. 9153.

1. **Internal revenue** ☞7—**Assessment of corporation's income and profits tax on basis of percentage of gross sales held erroneous.**

Under revenue laws providing that corporation's taxes should be on total net income, ascertained by deducting certain items from gross income, in absence of showing that any other method could legally be applied, corporation's income and profits taxes could not be assessed on basis of percentage of gross sales.

2. **Bankruptcy** ☞228—**Referee's findings on conflicting evidence assumed supported by evidence, in absence of transcript of testimony.**

Referee's findings of fact on conflicting evidence will be assumed to be supported by evidence, in absence of transcript of testimony.

In Bankruptcy. In the matter of the United States Metal Goods Company, bankrupt. On petition by collector of internal revenue to review order of referee disallowing claim for taxes. Petition to review dismissed.

White Cannon & Spieth, of Cleveland, Ohio, for petitioning creditors.

Calfee, Fogg & White, of Cleveland, Ohio, for respondent.

JONES, District Judge. The trustee in this bankruptcy filed exceptions and objections to the allowance of a tax claim filed by the United States government, through the collector of internal revenue, for the sum of $16,354.90. The tax claim was made up of items of income and excise tax and interest thereon. The referee made an order disallowing part of the government tax claim, and allowing part thereof. The collector of internal revenue seeks a review of that order. The trustee admitted that the excise taxes for the period from August 1, 1920, to April 20, 1923, were properly assessed in the sum of $3,664.13, with interest.

[1] It was the claim of the trustee that the United States Treasury officials disregarded the net income of the bankrupt company, as shown by its books, in assessing the income and profits taxes for the years in question, and used as a basis for assessing the taxes certain percentages of the gross sales of the bankrupt, to wit, 3.8 per cent. for each of the years in dispute. The referee found that there was no evidence submitted tending to establish the correctness of the method used by the Treasury Department, in view of the express provisions of the revenue laws in effect over the years in question, and also found that there was no evidence tending to establish the fact that the method adopted by the bankrupt in its accounting was other than the manner and method and basis provided by the revenue laws, although he found there were some questionable and misleading entries in the bankrupt's books.

The revenue laws in effect over the period of years in question expressly provided that taxes should be assessed upon the total net income, and, in case of a corporation, should be ascertained by deducting from the gross amount of income specific items therein allowed. There is nothing in the record presented to warrant the application of any other method for assessing income and profits tax, and it appears that, under that method of computation, no tax for the years in question could be assessed because there was no net taxable income during any of the years in question, excepting 1917, which tax-

es were paid. In the absence of any showing that any other method or basis could legally be applied, I am of the opinion that the referee's finding and order thereon should be approved and confirmed.

[2] The referee's order as to the amount of manufacturers' excise tax was based upon his finding of fact from conflicting evidence. No transcript of the testimony having been transmitted with the certificate, it will have to be assumed that the referee's findings of fact were supported by the evidence weighed and considered by him, and they will therefore be approved and confirmed, and the petition for review dismissed.